UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Nenette Paula Davenport | ) CASE NO. 18-55647-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $1,200.00 per month anticipated income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Debtor should provide an accounting as to how Debtor spent the tax refund of approximately $3,000.00 that was received post-petition. Any remaining funds should be immediately contributed to the case, and the Plan should be amended to provide for the contribution of future tax refunds, as required by 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

4. The Trustee requests proof that Debtor has paid the post-petition mortgage payments in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

5. Pursuant to testimony from the meeting of creditors, Debtor has a pending and/or anticipated claim regarding back child support for approximately $49,000.00. The Chapter 13 Petition and schedules fail to fully disclose this lawsuit or claim, in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h).

6. Pursuant to testimony from the meeting of creditors, Debtor is represented by counsel in a pending/or anticipated non-bankruptcy litigation. The attorney must be approved as special counsel by the Bankruptcy Court in accordance with 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017. Trustee is unsure if Debtor has an attorney for the claims.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. The Chapter 13 Plan fails to provide that all net proceeds from the Debtor's pending/anticipated domestic support obligation and disability claims will be paid to the Trustee for distribution to allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

8. The Chapter 13 petition fails to include debt owed to various unsecured creditors, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. Section 1325(a)(3) and 1325(a)(7).

9. Due to a change in circumstances since filing, Schedules I and J do not reflect Debtor's current financial situation, thereby preventing the Trustee from evaluating good faith, feasibility and disposable income contributions. 11 U.S.C. Sections 1325(a)(6), 1325(a)(3), and/or 1325(b). Debtor is in training (unpaid) for a new position with the same employer.

10. The Debtor's Chapter 13 Plan provides for delayed payments on Delta Community Credit Union and Mercedes Benz Financial, interest-bearing claims. This delay in payments are not in the best interest of the Debtor and the estate and creates a burden on the Trustee in administering the plan in possible violation of 11 U.S.C. Sections 1325(a)(3) and 1325(a)(5).

11. Debtor's Plan proposes to begin payments on mortgage arrears to Delta Community Credit Union and Mercedes Benz Financial, the disbursement schedules may not be fair and equitable to said creditors and interested parties involved in this case. 11 U.S.C. Sections 1322(b)(5) and 1325(a)(3); General Orders 18-2015 and/or 22-2017.

12. The Chapter 13 Plan does not provide for an Applicable Commitment Period as required by 11 U.S.C. Sections 1325(b)(1)(B) and 1325(b)(4)(B).

13. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

14. The NDGA Local Plan Form requires the appropriate box to be "checked" in order for that section to be effective. In this case, the Plan contains provisions in Section 2.1 of the Plan, but Debtor failed to check the corresponding box, such that the Plan cannot be administered.

15. The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ William A. Bozarth
William A. Bozarth
Attorney for Chapter 13 Trustee
GA Bar No. 940530

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| NENETTE PAULA DAVENPORT | ) | |
| | ) | CASE NO.: 18-55647-LRC |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

18-55647-LRC                **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    NENETTE PAULA DAVENPORT
    2261 CAPELLA CIRCLE
    ATLANTA, GA  30331

    DEBTOR(S) ATTORNEY:
    CLARK & WASHINGTON, P.C.
    3300 NORTHEAST EXPRESSWAY
    BUILDING 3, SUITE A
    ATLANTA, GA  30341

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, May 23, 2018

/s/ *(signature)*
William A. Bozarth
GA Bar No. 940530
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:  678-510-1450